■ In the Matter of JAIME ZEVALLOS, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 874]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 7, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a bartender at a hotel from July 2001 until November 2002. Following a complaint by a patron of the hotel regarding poor service at the bar during a period in which claimant was working, claimant was presented with an employee warning notice by the hotel's director of food and beverages, which he was requested to sign. The director informed him that unless he signed the notice, the next customer complaint would result in his termination. Claimant refused to

sign the notice and left his job, never to return. Thereafter, he applied for and was awarded unemployment insurance benefits. The employer objected and requested a hearing, which resulted in a decision disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause. This decision was upheld by the Unemployment Insurance Appeal Board, resulting in this appeal.

We affirm. It is well settled that quitting a job in response to criticism or warnings or in anticipation of discharge does not constitute good cause for leaving employment (*see Matter of Ford [Commissioner of Labor]*, 2 AD3d 1132, 1133 [2003]; *Matter of Santiago [Commissioner of Labor]*, 308 AD2d 674 [2003]). Here, the evidence is undisputed that claimant was not terminated at the time that he was presented with the employee warning notice. Rather, after being advised that further customer complaints would result in his discharge if he did not sign the notice, he chose to leave his job despite the availability of continuing work. Accordingly, we decline to disturb the Board's decision.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.